IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

| | |
|---|---|
| DAVID KEEF, individually, and on behalf of all other similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>M.A. MORTENSON COMPANY and DOES 1 to 10, inclusive.<br><br>　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR UNPAID OVERTIME WAGES, LIQUIDATED DAMAGES, PENALTIES, UNLAWFULLY WITHHELD WAGES, ATTORNEYS' FEES, AND COSTS [29 U.S.C. §§207, 211(c), 216(b)]**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**COLLECTIVE CLASS ACTION [29 U.S.C. §216(b)]** |

**Plaintiff hereby alleges:**

### NATURE OF THE ACTION

1.　DAVID KEEF ("Plaintiff") brings this collective action lawsuit individually and on behalf of other individuals who are or were employed by defendants as "Field Engineers" nationwide, (collectively referred to herein as "Field Engineers") to recover damages, liquidated damages, penalties, costs of suit, and attorneys' fees resulting from defendants' failure to pay overtime wages.

### JURISDICTION

2.　The United States District Court, Central District of Illinois, has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States, including the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.*

3.　This Court has jurisdiction over defendants because each defendant is a person having sufficient minimum contacts with the State of Illinois so as to render the exercise of jurisdiction over the defendant by this Court consistent with traditional notions of fair play and substantial justice.

## VENUE

4. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PLAINTIFF

5. Plaintiff DAVID KEEF is and at all times pertinent herein was a resident of California, but resided and was employed by Defendant in McClean County, Illinois.

6. Starting on approximately May 2006, DAVID KEEF was employed by M.A. MORTENSON CONSTRUCTION, INC. in the position of Field Engineer.

## DEFENDANTS

7. As used in this Complaint, "MORTENSON" refers to all defendants and unless otherwise specified, every allegation with respect to one defendant is an allegation with respect to each defendant.

8. Defendant M.A. MORTENSON COMPANY is a corporation with its corporate headquarters in the city of Minneapolis, State of Minnesota.

9. MORTENSON conducts construction projects and employs Field Engineers throughout the nation.

10. Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise of defendants Does 1 through 10, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitious defendant was in some way responsible for, participated in, or contributed to the matter and things of which Plaintiff complains herein, and in some form and under some theory, is subject to liability therefore. When the exact nature and identity of such fictitious defendants' responsibility for, participation in, and contribution to the matters herein alleged is ascertained by Plaintiff, he will seek leave to amend this Complaint to set forth the same.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, all defendants were and are persons doing business in the State of California.

12. Plaintiff is informed and believes and thereon alleges that at all times herein relevant, all defendants, and each of them were the agents, servants, and/or employees of each and every other defendant.

13. Plaintiff is informed and believes and thereon alleges that all defendants carried out a joint scheme, business plan or policy in all respects pertinent hereto and all acts and omissions herein complained of were performed within the course and scope of said employment, service, agency, common scheme, plan and/or policy.

14. Plaintiff is informed and believes and thereon alleges that MORTENSON's founders, owners and executive officers directed, authorized, ratified and/or participated in the conduct that gives rise to the claims asserted herein and derived personal financial benefit from such conduct.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff hereby restates, re-alleges, and incorporates by reference herein all the paragraphs stated in this Complaint as though fully set forth herein.

16. Plaintiff seeks to have the first cause of action certified to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who give their consent in writing to become party-plaintiffs, which consents will be filed with the Court, and who were employed by Mortenson as Field Engineers anywhere in the United States at any time during the three years prior to the filing of their respective consent forms.

17. In addition to all the other reasons stated in this complaint, Plaintiffs and Field Engineers are similarly situated in that they all had the same job duties; are subject to the same FLSA exemptions from the requirement to be paid overtime, if any; were required to work and did work in excess of forty hours per week; and were not paid at a rate of one and one-half times their respective regular rates of pay for all such overtime hours.

///

///

**FIRST CAUSE OF ACTION**

By Plaintiff, individually, and as a collective action on behalf of all similarly situated Field Engineers, against all defendants

**(FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA)**

18. Plaintiff hereby restates, re-alleges, and incorporates by reference herein the paragraphs stated above in this Complaint as though fully set forth herein.

19. Pursuant to 29 U.S.C. § 216(b), an action to recover unpaid overtime compensation may be maintained against any employer in any federal court of competent jurisdiction by any one or more employees for and in behalf of himself, herself, or themselves and other employees similarly situated.

20. Pursuant to 29 U.S.C. § 207, no employer shall employ any of its employees who in any workweek is engaged in commerce, or is employed in an enterprise engaged in commerce, for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which the employee is employed.

21. Mortenson is engaged in commerce.

22. Plaintiff and the Field Engineers are engaged in commerce each week of their employment with Mortenson.

23. Mortenson employed Plaintiff for workweeks longer than forty hours.

24. Plaintiff is informed and believes and thereon alleges that Mortenson employed all Field Engineers for work weeks longer than forty hours.

25. Mortenson did not compensate Plaintiff for his employment in excess of forty hours per week at a rate not less than one and one-half times his regular rate of pay.

26. Mortenson did not compensate all Field Engineers for their respective employment in excess of forty hours per week at a rate not less than one and one-half times their respective regular rates of pay.

27. Plaintiff was not exempt from the requirement to be paid overtime wages at all times relevant herein.

28. All Field Engineers were not exempt from the requirement to be paid overtime wages at all times relevant herein.

29. Plaintiff is informed and believes and thereon alleges that Mortenson intentionally, willfully, and improperly designated the position of Field Engineers as exempt from the requirement to be paid overtime wages in order to avoid the payment of overtime wages and other benefits, in violation of the FLSA.

30. Plaintiff is informed and believes and thereon alleges that regardless of whether Mortenson classified the position of Field Engineer as exempt, Mortenson intentionally, willfully, and improperly failed to pay overtime wages and other benefits to Field Engineers in violation of the FLSA.

31. Mortenson's conduct was willful because Mortenson knew Plaintiff and all Field Engineers worked overtime and were entitled to overtime wages, yet Mortenson chose not to pay them overtime compensation.

32. As a result of Mortenson's wrongful conduct, Plaintiff and all Field Engineers have been damaged in amounts to be proven at trial.

33. On behalf of himself and on behalf of all similarly situated Field Engineers who opt in to this action, Plaintiff requests recovery of all unpaid wages, including unpaid overtime wages, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b) against Mortenson, in amounts to be established.

///
///
///
///
///
///
///

1  **WHEREFORE**, Plaintiff, individually, and on behalf of all similarly situated
2  Field Engineers who opt in to this action, prays for judgment against all defendants and
3  each of them as follows:
4     1. For damages in an amount to be established for unpaid overtime wages;
5     2. For liquidated damages;
6     3. For attorneys' fees and costs;
7     4. For interest;
8     5. For other and further relief as the Court deems just and proper.
9  DATED: 7/10/07       CALLAHAN, McCUNE & WILLIS, APLC

By _____

Robert W. Thompson, Esq. (SBN 106411)
**CALLAHAN, McCUNE & WILLIS, APLC**
111 Fashion Lane
Tustin, California 92780-3397
Tel:  (714) 730-5700
Fax:  (714) 730-1642

Lead Counsel for Plaintiff, individually, and on behalf of all other similarly situated,

\\cmwoc-dc\Files\PLF\070012\Pldgs\Complaint.doc

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Keef

### DEFENDANTS
M.A. Mortenson Company

(b) County of Residence of First Listed Plaintiff: Shasta County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: McClean County, Ill.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert W. Thompson, Callahan, McCune & Willis, APLC, 111 Fashion Lane, Tustin, CA 92780; Telephone: (714) 730-5700

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. section 201, et seq.

Brief description of cause:
Failure to Pay Overtime Wages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 7/10/07
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____