E-FILED
Monday, 06 August, 2007   03:53:07 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATED DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DAVID KEEF, individually, and on behalf )
of all others similarly situated, )
 )
                  Plaintiffs, )    Case No. 07-c-1183
 )
    vs. )
 )
M.A. MORTENSON COMPANY and )
DOES 1 to 10, inclusive, )
 )
                  Defendant. )
 )
 )

Defendant M.A. Mortenson Company ("Mortenson"), for its Answer to the Complaint of Plaintiff David Keef, individually, and on behalf of all others similarly situated, ("Plaintiffs"):

**ANSWER**

Mortenson denies each allegation and statement in the Complaint, except as hereinafter specifically admitted, qualified, or explained.

    1.    Answering paragraph 1 of the Complaint, alleges that the allegations therein are arguments of counsel or purported conclusions of law and not statements of fact requiring a response and denies those allegations.

    2.    Answering paragraph 2 of the Complaint, admits that this court has jurisdiction over this action and alleges that the remaining allegations therein are arguments of counsel or

purported conclusion of law and not statements of fact requiring a response and denies those allegations.

3.  Answering paragraph 3 of the Complaint, admits that Mortenson has sufficient minimum contacts with the State of Illinois for this court to exercise jurisdiction and alleges that the remaining allegations therein are arguments of counsel or purported conclusion of law and not statements of fact requiring a response and denies those allegations.

4.  Answering paragraph 4 of the Complaint, denies that venue is proper in either the United States District Court, Central District of California or the United States District Court, Central District of Illinois, and denies the remaining allegations therein.

5.  Answering paragraph 5 of the Complaint, admits that David Keef was employed by Mortenson and performed work in Illinois and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and denies the remaining allegations therein.

6.  Answering paragraph 6 of the Complaint, admits that David Keef was employed by Mortenson in the position of Field Engineer, denies that David Keef's employment commenced on approximately May 2006, and denies the remaining allegations therein.

7.  Answering paragraph 7 of the Complaint, alleges that the allegations therein are arguments of counsel or purported conclusion of law and not statements of fact requiring a response and denies those allegations.

8.  Answering paragraph 8 of the Complaint, admits that Mortenson is a corporation with its principal place of business in the City of Minneapolis, State of Minnesota.

9.  Answering paragraph 9 of the Complaint, admits that Mortenson conducts construction projects, among other things, and employs Field Engineers in several states.

10. Answering paragraph 10 of the Complaint, alleges that the allegations therein are too vague and ambiguous to allow for a meaningful response, or are arguments of counsel or purported conclusion of law and not statements of fact requiring a response and denies those allegations.

11. Answering paragraph 11 of the Complaint, assumes that Plaintiffs' reference to the State of California is a typographical error and admits that Mortenson conducts business in the State of Illinois.

12. Answering paragraphs 12-14 of the Complaint, alleges that the allegations therein are arguments of counsel or purported conclusion of law and not statements of fact requiring a response and denies those allegations.

13. Answering paragraph 15 of the Complaint, restates and incorporates by reference herein the above paragraphs.

14. Answering paragraphs 16-17 of the Complaint, alleges that the allegations therein are arguments of counsel or purported conclusion of law and not statements of fact requiring a response and denies those allegations.

15. Answering paragraph 18 of the Complaint, restates and incorporates by reference herein the above paragraphs.

16. Answering paragraph 19 of the Complaint, respectfully refers the Court to 29 U.S.C. § 216(b) for the text of that statute and alleges that the allegations therein are arguments of counsel or purported conclusion of law and not statements of fact requiring a response and denies those allegations.

17. Answering paragraph 20 of the Complaint, respectfully refers the Court to 29 U.S.C. § 207 for the text of that statute and alleges that the allegations therein are arguments of

counsel or purported conclusion of law and not statements of fact requiring a response and denies those allegations.

18. Admits the allegations in paragraph 21 of the Complaint.

19. Answering paragraph 22 of the Complaint, alleges that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint and denies those allegations.

20. Answering paragraph 23 of the Complaint admits that Plaintiff sometimes worked more than 40 hours in a week.

21. Denies the allegations in paragraph 24 of the Complaint.

22. Answering paragraph 25 of the Complaint, alleges that Plaintiff was not entitled to compensation for any employment in excess of forty hours per week at a rate not less than one and one-half times his regular rate of pay and admits that it did not compensate Plaintiff for any employment in excess of forty hours per week at a rate not less than one and one-half times his regular rate of pay

23. Denies the allegations in paragraphs 26-32 of the Complaint.

24. Answering paragraph 33 of the Complaint, alleges that the allegations therein are arguments of counsel or purported conclusion of law and not statements of fact requiring a response and denies those allegations.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

25. Alleges that the Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND DEFENSE**

26.     Alleges that Plaintiffs' claim is barred, in whole or in part, by the applicable statutes of limitations.

**THIRD DEFENSE**

27.     Alleges that Plaintiffs' claim is barred in whole or in part by the doctrines of consent, waiver, set-off and/or estoppel.

**FOURTH DEFENSE**

28.     Alleges that Mortenson's actions or omissions with respect to Plaintiff and the putative class or classes were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the Fair Labor Standards Act or other law.

**FIFTH DEFENSE**

29.     Alleges that Plaintiffs fail to satisfy the statutory requirements for maintaining a collective action.

**SIXTH DEFENSE**

30.     Alleges that the claim asserted by Plaintiff David Keef is not similar or identical to or typical of a claim which may be asserted by other putative class members of this action.

**SEVENTH DEFENSE**

31.     Alleges that Plaintiff David Keef is not an adequate representative of any purported class.

**EIGHTH DEFENSE**

32.     Alleges that venue is not proper.

**NINTH DEFENSE**

33. Alleges that any claims against Does 1 to 10, inclusive, are so vague and ambiguous that Mortenson cannot reasonably be required to provide a responsive pleading.

**TENTH DEFENSE**

34. Alleges that any claims against Does 1 to 10, inclusive, are so vague and ambiguous that if a more definite statement is not provided by Plaintiffs, the claims must be stricken.

**ELEVENTH DEFENSE**

35. Mortenson hereby gives notice that it intends to rely upon such other defenses that may become available or apparent during discovery proceedings in this case and hereby reserves the right to amend its Answer to assert any such defenses.

**WHEREFORE**, Defendant Mortenson prays that Plaintiff David Keef and any purported class take nothing by his Complaint and that Defendant Mortenson have and recover its attorneys' fees, costs, and disbursements in this action.

SCHIFF HARDIN LLP

Dated: August 6, 2007          By    /s/ Henry W. Sledz, Jr.

Henry W. Sledz, Jr.
Bar # 2632217
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500
(312) 258-5600 (facsimile)
hsledz@schiffhardin.com

Local Counsel for Defendant M.A. Morenson

FAEGRE & BENSON

David Goldstein
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
(612) 766-1600 (facsimile)
DGoldstein@faegre.com

Attorneys for Defendant M.A. Mortenson

CH1\ 5140469.1