E-FILED
Thursday, 30 August, 2007  03:55:00 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATED DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID KEEF, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br><br><br>M.A. MORTENSON COMPANY and DOES 1 to 10, inclusive,<br><br>Defendant. | Case No. 07-cv-1183<br><br><br>**JOINT MEMORANDUM<br>IN SUPPORT OF MOTION<br>TO TRANSFER VENUE** |

## INTRODUCTION

By this Joint Motion, David Keef ("Keef"), individually, and on behalf of all others similarly situated, and M. A. Mortenson Company ("Mortenson") (collectively referred to as "the parties") respectfully request a transfer of venue to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1404(a).

The parties stipulate and agree that the transfer of venue is appropriate because the factors typically considered by a Court in deciding a motion to transfer venue favor transferring venue of this action to the District of Minnesota and such a transfer is in the interest of justice. Accordingly, the parties jointly request that this case be transferred to the District Court for the District of Minnesota.

## BACKGROUND FACTS

The parties agree and stipulate to the following background facts. Keef is, and has been at all times relevant to this matter, a resident of California. Keef was employed by Mortenson from March 27, 2006 until November 24, 2006. Mortenson is a corporation with its principal place of business in Minneapolis, Minnesota. Mortenson employs Field Engineers at construction projects in multiple states, including Illinois.

Keef was assigned to Mortenson's Energy Group, which is based at Mortenson headquarters in Minneapolis but constructs wind energy projects in various locations around the country. As a Field Engineer for the Energy Group, Keef was assigned to a wind energy project in McLean County, Illinois.

During Keef's employment, Mortenson's Minneapolis-based payroll department prepared and processed the payroll checks for Keef, as well as all Mortenson employees. Various members of the Minneapolis-based Human Resource department were responsible for making the initial determination for the classification of the Field Engineer position under the Fair Labor Standards Act ("FLSA"), as well as conducting any subsequent reviews. Keef's personnel and payroll files, as well as copies of all employees' personnel and payroll files, are maintained in Minneapolis.

## ARGUMENT

The standard for determining whether to transfer venue is set forth at 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

division where it might have been brought." District courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir. 1989); *MLR, LLC v. Kyocera Wireless Corp.,* 2005 WL 818399, at *1 (N.D. Ill. 2005). A transfer under § 1404(a) is proper if: (1) the venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *See Plotkin v. IP Axess, Inc.,* 168 F. Supp.2d 899 (N.D. Ill. 2001); *Tensor Group v. All Press Parts & Equip., Inc.,* 966 F. Supp. 727, 728 (N.D. Ill. 1997). "The decision to transfer stems from the sound discretion of the trial judge where the task of weighing factors for and against transfer 'necessarily involves a large degree of subtlety and latitude.'" *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir. 1986).

I.    **Venue is Proper in the Transferee and Transferor Districts.**

The parties agree and stipulate that venue in this case is proper in both the Central District of Illinois and the District of Minnesota because Mortenson does business in both districts and is thereby subject to personal jurisdiction in both districts. *See* 28 U.S.C. § 1391(a) and (c). Additionally, 28 U.S.C. § 1391(b) provides that, in a civil action such as this, where jurisdiction is not founded solely on diversity of citizenship, venue is proper in any judicial district where any defendant resides. Because Mortenson's principal place of business is in Minneapolis, it resides within the District of Minnesota. *See* 28 U.S.C. § 1332. Because venue technically is proper in the Central District of Illinois, this court has the power to transfer this case to the District of Minnesota, where venue is also proper.

**II.    The Factors Used In Weighing The Convenience of the Parties and Witnesses Favors Transfer to Minnesota.**

**A.    Minnesota is a More Convenient Location for the Parties.**

The parties agree and stipulate that the convenience of the parties weighs in favor of transfer to the District of Minnesota. Because Keef resides in California, transferring the venue of this matter to Minnesota will not be less convenient for him. Additionally, Keef, the only named plaintiff, brings this collective action on behalf of "Field Engineers" employed "nationwide" by Mortenson.  At this time, the scope of the putative class remains unclear but it is reasonable to believe that the majority of the putative class, including Keef, do not reside in the Central District of Illinois. Any member of the class who chooses to appear might be faced with inconveniences regardless of where this action proceeds.

Further, Minnesota is a more convenient forum for Mortenson.  Mortenson is not currently aware of any witness in this case that resides in Illinois. Mortenson believes that all of the potential defense witnesses who may testify regarding FLSA determinations reside in Minnesota, including human resources and payroll personnel.  The key witnesses anticipated to testify regarding the circumstances surrounding Keef's employment also reside in Minnesota.  Because all administrative aspects of Keef's FLSA claim would be handled by people in Minnesota, it is very probable that most, if not all, of Keef's witnesses also will reside in Minnesota.  As such, Minnesota would be the most convenient forum for the greatest number of the parties' witnesses.

### B. Minnesota Has More Significant Contacts With the Underlying Cause of Action Than Illinois.

The parties stipulate and agree Minnesota has the most substantial connection with the material issues in this FLSA action. The procedures upon which FLSA classifications are made originates and are administered in Minneapolis, Minnesota. Any administrative process regarding Keef's entitlement to overtime pay under the FLSA would be administered in Minneapolis by persons residing in the Minneapolis area. Additionally, all personnel files and payroll documents are located in Minneapolis. No material events that are central to this action occurred in Illinois.

### C. The Location of Documents in Minnesota Favors Transferring Venue.

The parties also stipulate and agree that transferring venue to Minnesota would be appropriate because most, if not all, of the documentary evidence relating specifically to Keef's employment, job description, exemption determination and classification and resignation of his employment are located at Mortenson's headquarters in Minneapolis. This evidence includes all of Keef's personnel files, all documents relating to Keef's pay, and all relevant FLSA documents and policies.

### III. Transfer to the District of Minnesota is in the Interest of Justice

The final factor for consideration under section 1404(a), whether transfer would serve the interest of justice, is broad and intended to reach beyond the particulars of the various factors articulated above to determine where a trial would be most expedient and just. *See Tensor Group,* 966 F. Supp. at 730. In evaluating this factor, courts consider in

which forum the parties will receive a speedier trial and whether the court trying the case is familiar with the applicable law. *Id.*

The parties stipulate and agree that, in this case, Federal law applies to Keef's FLSA claim and both Minnesota and Illinois are familiar with and capable of litigating a case involving the FLSA. Additionally, the Federal Court Management Statistics Report for March 31, 2006 indicates that the median time from the filing of a civil action to final disposition by trial is substantially the same in the District of Minnesota as in the Central District of Illinois (24.7 vs. 22.0 months). Administrative Office of the United States Courts Federal Judicial Caseload Statistics, at http://www.uscourts.gov/caseload2006/contents.html (last visited August 18, 2007). Moreover, even if the possibility of a slightly faster resolution in the Central District of Illinois is taken into account, this factor should not weigh against transfer in light of the parties' mutual agreement to transfer venue. *See Coffey,* 796 F.2d at 219 (it is in the sound discretion of the trial judge to determine the weight accorded this factor).

## **CONCLUSION**

For the reasons stated above, the parties respectfully request that this action be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Minnesota.

Dated:  August 30, 2007                    FAEGRE & BENSON LLP


                                           s/ David J. Goldstein
                                           David J. Goldstein, MN Atty #175572
                                             *dgoldstein@faegre.com*

                                           2200 Wells Fargo Center
                                           90 South Seventh Street
                                           Minneapolis, Minnesota  55402-3901
                                           (612) 766-7000
                                           Attorney for Defendant M.A. Mortenson
                                           Company


Dated:  August 30, 2007                    CALLAHAN, McCUNE & WILLIS, APLC


                                           s/ Robert W. Thompson
                                           Robert W. Thompson, SBN 106411

                                           111 Fashion Lane
                                           Tustin, California  92780-3397
                                           (714) 730-5700
                                           Attorneys for Plaintiff David Keef,
                                           individually, and on behalf of all others
                                           similarly situated